**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

AUG 2 7 2025

TAMMY H. DOWNS, CLERK

By:_____ **DEP CLERK**

**TIM GREEN, on behalf of himself**
**AND ALL OTHERS**
**SIMILARLY SITUATED**

**PLAINTIFFS**

**v.**        CASE NO.   4:25-cv-874-BSM

**SAVAGE ENTERPRISES;**
**SAVAGE CAPITAL, LLC;**
**SAVAGE ELIQUID CORPORATION;**
**DELTA EXTRAX;CHRISTOPHER G.**
**WHEELER; PRESTON WHEELER; AMBYR**
**FREESTONE; BRITTNEY HA WK.INS**
**MIA JENSEN; ABRAHAM I. SAHAGUN;**
**ERNEST CIACCIO; VICTORIA WALSH;**
**MATT WINTERS; MATTHEW**
**MONTESANO; JON DOUGHERTY;**
**PHARMLAB SD; MAGIC VAPOR, LLC;**
**HERSH ENTERPRISES, LLC d/b/a**
**BHDISTRO/Vapor World/Vapor 100/CBD**
**World/GLASS CITY; PUR ISO LABS, LLC;**
**JOHN DOES 1-100**

This case assigned to District Judge ___Miller___
and to Magistrate Judge___Kearney_____

**DEFENDANTS**

## NOTICE OF REMOVAL

Defendant Savage Enterprises ("Defendant"), for its Notice of Removal states:

1.      Tim Green, on behalf of himself and all others similarly situated ("Plaintiff") commenced this action on July 16, 2025, when Plaintiff filed his Verified Complaint in the Circuit Court of Saline County, Arkansas.

2.      Defendant was purportedly served with Process in this action on August 7, 2025.

3.      This action is pending in the Circuit Court of Saline County, Arkansas, and is captioned *Tim Green, on behalf of himself and all others similarly situated v. Savage Enterprises, Savage Capital, LLC, Savage E-Liquid Corporation, Delta Extrax, Christopher G.*

*Wheeler, Preston Wheeler, Ambyr Freestone, Brittney Hawkins, Mia Jensen, Abraham I.*
*Sahagun, Ernest Ciaccio; Victoria Walsh, Matt Winters, Matthew Montesano; Jon Dougherty,*
*PharmLab SD, Magic Vapor, LLC, Hersh Enterprises, LLC D/B/A BH Distro/Vapor*
*World/Vapor 100/CBD World/Glass City, Pur Iso Labs, LLC, and John Does 1-100.*, Case No.
63CV-25-1508-3.

4.     This action is removable under the Class Action Fairness Act, 28 U.S.C. § 1332(d)
("CAFA").

5.     This Notice of Removal is timely under 28 U.S.C. § 1446(b).

6.     Defendants have not yet filed a response to the Verified Complaint. Defendants
reserve the right to object to any defects as to personal jurisdiction, service of process, sufficiency
of process, and any other defenses available under Fed. R. Civ. P. 12.

### Parties

7.     The Verified Complaint does not make an allegation as to the residency of the
named Plaintiff, but he is assumed to be a citizen of the State of Arkansas.

8.     As discussed below, Defendants are citizens of California, Kansas, Texas,
Wyoming, and Arkansas.

9.     Defendant Savage Enterprises is a corporation organized under the laws of the
state of Wyoming with its principal place of business in California. Therefore, it is a citizen of
Wyoming and California under 28 U.S.C. § 1332(c)(l).

10.     Defendant Savage Capital, LLC is or was a Wyoming limited liability company
with its principal place of business in California. Therefore, it is or was a citizen of Wyoming and
California under 28 U.S.C. § 1332(c)(l).

11.     Defendant Savage E-Liquid Corporation is or was a Wyoming limited liability

2

company with its principal place of business in Wyoming. Therefore, it is or was a citizen of Wyoming under 28 U.S.C. § 1332(c)(l).

12.     Defendant Delta Extrax is a California limited liability company with its principal place of business in California. Therefore, it is a citizen of California under 28 U.S.C. § 1332(c)(l).

13.     Defendant PharmLabs SD, LLC, is a California limited liability company with its principal place of business in California. Therefore, it is a citizen of California under 28 U.S.C. § 1332(c)(l).

14.     Defendant Magic Vapor, LLC, is a limited liability company organized under the laws of the state of Arkansas, with its principal place of business in Arkansas. Therefore, it is a citizen of Arkansas under 28 U.S.C. § 1332(c)(l).

15.     Defendant Hersh Enterprises, LLC d/b/a BH-Distro/Vapor World/Vapor 100/CBD World/Glass City, is limited liability company organized under the laws of the state of Kansas, with its principal place of business in Arkansas. Therefore, it is a citizen of Kansas and Arkansas under 28 U.S.C. § 1332(c)(l).

16.     Defendants Christopher G. Wheeler, Preston Wheeler, Ambyr Freestone, Brittney Hawkins, Mia Jensen, Abraham I. Sahagun, Ernest Ciaccio, Victoria Walsh, Matt Winters, Matthew Montesano, and Jon Dougherty are citizens of the state of California.

17.     Defendant Pur Iso Labs, LLC, is a limited liability company with its principal place of business in Texas. Therefore, it is a citizen of Texas under 28 U.S.C. § 1332(c)(l).

**Original Jurisdiction under Class Action Fairness Act, 28 U.S.C. § 1332(d)**

18.     This Court has original jurisdiction of this action.

19.     Under 28 U.S.C. § 1332(d), as amended by CAFA, a putative class action may be removed by any Defendant to the United States District Court embracing the state court where

the action was filed if (a) any member of the putative class is a citizen of a state different from any defendant, (b) there are at least one hundred members of the putative class, and (c) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

20.     Complete diversity of the parties is not required. 28 U.S.C. § 1332(d)(2)(A).

21.     Plaintiff seeks to represent a class of persons "who bought one or more D8 vape pen Products manufactured by Savage, who have a receipt or are identified in either retail Defendant's purchaser database within the appropriate statute of limitations until the date of certification," either generally or in the state of Arkansas. *See*, Verified Complaint at ¶ 39.

22.     According to Plaintiff, "[t]here are thousands of class members." *See*, *Id.* at ¶¶ 39, 45. Based on Plaintiff's allegations, there are more than 100 members of the proposed class.

23.     Plaintiff seeks compensatory, statutory, and common law damages and interest on behalf of himself and the Class. *See*, *Id.* at ¶ Wherefore (a). Plaintiff seeks attorneys' fees and costs. *See*, *Id.* at ¶ Wherefore (f).

24.     Plaintiff also seeks "an Order summarily shutting down all the manufacture, importation, and distributions of all D8 vape pens in the manner prescribed the Arkansas Drug Dealer Liability Act, "as well as an "ex parte prejudgment attachment order from the Court against all assets of defendants sufficient to satisfy a potential award." *See*, *Id.* at ¶ Wherefore (d, e).

25.     Plaintiff alleges that his claims "are typical to other members." *See*, *Id.* at ¶41.

26.     Plaintiff also asserts that "the amount in controversy is less than five million dollars" and prays for an award of damages "not exceeding 5 million dollars." *See*, *Id.* at ¶ 1, Wherefore (a). However, "the claims of individual class members shall be aggregated to

4

determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). A class representative lacks the authority to concede the amount-in-controversy issue for absent class members. *See*, *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013). Thus, the district court must determine jurisdiction by "adding up the value of the claim of each person who falls within the definition of [the plaintiff's] proposed class." *Id.*, 568 U.S. at 592.

27.     Collectively, the Products identified in the verified Complaint are sold in all fifty states, not merely Arkansas. The putative Class consists of "who bought one or more D8 vape pen Products manufactured by Savage, who have a receipt or are identified in either retail Defendant's purchaser database within the appropriate statute of limitations until the date of certification," either generally or in the state of Arkansas. *See*, Verified Complaint at ¶ 39. In other words, Plaintiff's proposed class is so broad that the putative class is more likely to encompass hundreds of thousands to millions of people, not merely "thousands" of people.

28.     Moreover, Plaintiff seeks to shut down defendant Savage's operations, and also seeks an order requiring it "disgorge illegally obtained profits," on behalf himself and the "thousands" of members of the proposed class. *See*, *Id.* at ¶ 84.

29.     Defendant denies the allegations of the Complaint, however, based on the number of alleged class members and the amount of damages Plaintiff seeks on behalf of the Class, the amount in controversy will exceed $5,000,000, exclusive of interest and costs. Therefore, this Notice of Removal contains "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 2014); *Bell v. Hershy Co.*, 557 F.3d 943, 958 (8th Cir. 2009).

## The Procedural Requisites to Removal are Satisfied

30. This Court is the appropriate court for removal of this action under 28 U.S.C. § 1446(a).

31. The consent of all Defendants is not required under CAFA, 28 U.S.C. § 1453(b).

32. Copies of all process, pleadings, and orders served upon defendant Savage in the Circuit Court of Saline County, Arkansas, are attached to this Notice of Removal as **Exhibit A**.

33. A copy of this Notice of Removal will be filed forthwith in the Circuit Court of Saline County, Arkansas.

34. All procedural requisites to removal have been met. Removal to this Court under 28 U.S.C. § 1441 is proper and effective hereby.

WHEREFORE, defendant Savage Enterprises gives notice of the removal of this action to this Court and respectfully prays for all just and proper relief.

Respectfully submitted:

J. Andrew Vines (AR Bar No. 98140)
*Attorneys for Savage Enterprises*

DOBSON & VINES, PLLC
P.O. Box 251763
Little Rock, Arkansas 72225
Phone:      (501) 490-9906
Fax:         (501) 712-4538
Email:      avines@dobsonvines.com

**▼ARCourts**                                                            ⓘ

# 63CV-25-1508: TIM GREEN ET AL V SAVAGE ENTERPRISES ET AL

## Case Summary

Case Number
63CV-25-1508

Filing Date
07/16/2025

Court
SALINE CIRCUIT

Case Type
CIVIL - OTHER

Status
CASE OPEN

## Case Participants

| Name | Type | Alias |
|------|------|-------|
| 22ND CIRCUIT DIVISION 3 | JUDGE | HOUSTON |
| GREEN, TIM | PLAINTIFF | None |
| SUTTER II , LUTHER ONEAL | PLAINTIFF/PETITIONER ATTORNEY | SUTTER, LUTHER |
| GILLHAM, LUCIEN | PLAINTIFF/PETITIONER | GILLHAM, LUCIEN,GILLHAM, LUCIEN |

**EXHIBIT A**

| | | |
|---|---|---|
| RAMSEUR | ATTORNEY | RAMSEUR |
| SAVAGE ENTERPRISES | DEFENDANT | None |
| SAVAGE CAPITAL LLC | DEFENDANT | None |
| SAVAGE ELIQUID CORPORATION | DEFENDANT | None |
| DELTA EXTRAX | DEFENDANT | None |
| WHEELER, CHRISTOPHER G | DEFENDANT | None |
| WHEELER, PRESTON | DEFENDANT | None |
| FREESTONE, AMBER | DEFENDANT | None |
| HAWKINS, BRITTANY | DEFENDANT | None |
| JENSEN, MIA | DEFENDANT | None |
| SAHAGUN, ABRAHAM | DEFENDANT | None |
| CIACCIO, EARNEST | DEFENDANT | None |
| WALSH, VICTORIA | DEFENDANT | None |
| WINTERS, MATT | DEFENDANT | None |

This is not an official court record and should not be considered as such. For official

| | | |
|---|---|---|
| MONTESANO, MATTHEW | DEFENDANT | None |
| DOUGHTERY, JON | DEFENDANT | None |
| PHARMLAB SD | DEFENDANT | None |
| MAGIC VAPOR LLC | DEFENDANT | None |
| HERSH ENTERPRISES LLC | DEFENDANT | BHDISTRO,CBD WORLD,VAPOR 100,VAPOR WORLD |
| PUR ISO LABS, LLC | DEFENDANT | None |

# Case Events

No Events

# Offenses

No Offenses

# Sentences

No Sentences

# Milestone Tracks

No Milestones

# Docket Entries

# Docket Entries

| Filing Date | Description | Docket Detail | Name | Documents |
|---|---|---|---|---|
| 07/16/2025 @ 12:03PM | AOC COVERSHEET CIVIL | None | None | None |
| 07/16/2025 @ 12:03PM | COMPLAINT/PETITION FILED | None | None | 🖅 WEB |
| 07/16/2025 @ 12:03PM | AO18 NOTICE / DISTRICT JUDGE | None | None | 🖅 WEB |
| 07/16/2025 @ 12:03PM | MOF ORIGINAL | None | GREEN, TIM | None |
| 07/16/2025 @ 12:03PM | SUMMONS ISSUED | 18 SUMMONS ISSUED | None | 🖅 WEB |
| 07/17/2025 @ 5:43PM | AFFIDAVIT FILED | JOHN DOE AFFIDAVIT OF PLAINTIFFS COUNSEL | SUTTER II , LUTHER ONEAL | 🖅 WEB |
| 07/30/2025 @ 3:47PM | SUMMONS ISSUED | None | SAVAGE CAPITAL LLC | 🖅 WEB |
| 08/13/2025 @ 5:48PM | SUMMONS SERVED | SAVAGE ENTERPRISES SERVED 08.07.25 | SUTTER II , LUTHER ONEAL | 🖅 WEB |
| 08/14/2025 @ 11:09AM | SUMMONS ISSUED | 2 SUMMONS ISSUED | None | 🖅 WEB |

FILED
SALINE COUNTY
CIRCUIT CLERK

**IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS** 2025 JUL 16  PM 12: 03

| | |
|---|---|
| **TIM GREEN, on behalf of himself** | Case No. _____ BY ___ |
| **AND ALL OTHERS** | |
| **SIMILARLY SITUATED.** | 63CV-25-1508-3 |
| | |
| **Plaintiffs,** | |
| | |
| **v.** | **Complaint** |
| | |
| **SAVAGE ENTERPRISES;** | |
| **SAVAGE CAPITAL, LLC;** | |
| **SAVAGE ELIQUID CORPORATION;** | |
| **DELTA EXTRAX;** | |
| **CHRISTOPHER G. WHEELER;** | |
| **PRESTON WHEELER; AMBYR** | |
| **FREESTONE; BRITTNEY HAWKINS** | |
| **MIA JENSEN; ABRAHAM I. SAHAGUN;** | |
| **ERNEST CIACCIO; VICTORIA WALSH;** | |
| **MATT WINTERS; MATTHEW** | |
| **MONTESANO;** | |
| **JON DOUGHERTY;** | |
| **PHARMLAB SD; MAGIC VAPOR, LLC;** | |
| **HERSH ENTERPRISES, LLC d/b/a** | |
| **BHDISTRO/Vapor World/Vapor 100/CBD** | |
| **World/GLASS CITY;** | |
| **PUR ISO LABS, LLC;** | |
| **JOHN DOES 1-100** | |
| | |
| **Defendants** | |

## VERIFIED COMPLAINT

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

## JURISDICTION AND VENUE

1.      This is an action brought under the Arkansas Drug Dealer Liability Act, fraud, breach of warranty, rescission, and unjust enrichment.  This Court has subject matter jurisdiction.

1

No federal claims are brought, and the damages sought do not exceed 5 million dollars.

2.      Plaintiff purchased the vape pen from Vapor World and CBD World in Saline County, Arkansas which they purchased BH Distro, who has its principal place of business in Arkansas.   Each Product was manufactured by SAVAGE ENTERPRISES and the individuals associated with Savage and tested by a laboratory named PHARMLABS SD then sold to **MAGIC VAPOR, LLC and HERSH ENTERPRISES, LLC d/b/a BHDISTRO/Vapor World/Vapor 100/CBD World/GLASS CITY** who then sold the Products to Vapor World and CBD world.  See



3.      Defendant, **Savage Enterprises** (aka Savage Eliquid Corporation), is a corporation organized and existing under the general business entity and corporation law of the state of Wyoming and does business in the States of Arkansas, California, Alabama, Florida, Hawaii, Idaho, Kentucky, and other states. Savage Capital, LLC is a related party to Savage Enterprises,

who, at the direction of Savage Enterprises or its officers, loans money to the different Savage entities, who are presently unknown to the Plaintiff. John Does 21-30 are individuals or entities who have provided credit or other financing to Savage or have provided Savage with distillate, like **Pur Iso Labs, LLC,** a Texas LLC who has done business in the State of Arkansas. Savage Enterprises has a business address and mailing address of 7 Vanderbilt, Irvine California, 92618-2011.  Their registered agent for service is Incorp Services Inc., 4037 US Highway, 231 STE A, Wetumpka, AL 36093-1224 and have been registered to do business in the State of Arkansas. Savage Enterprises Corporation and Savage Eliquid Corporation have the same registered agent name and address. Savage Enterprises also uses the same registered agent with an address of 101 E 9th Ave, Suite 12B, Anchorage, AK, 99501-3651. Savage Enterprises was also incorporated in Arkansas on September 22, 2022, as a place of incorporation with a foreign corporation shown as California. Savage Enterprises shows a registered agent of service as Incorp Services Inc. 4250 N Venetian Ln, Fayetteville, AR 72703-5077. The Corporate Officers are listed as **Christopher Wheeler** as a shareholder and **Matt Winters** as President and shareholder.  Corporate filings show five shareholders: Christopher Wheeler - 40.5%; Mathew Winter - 40.5%; Brittany Hawkins - 10%; Ernest Ciaccio - 4.5%; and Abraham Sahagun - 4.5%. Victoria Walsh is Savage Enterprises compliance officer.  Savage markets its products through Delta-8-THC and Delta-10-THC brand Delta Effex (www.DeltaEffex.com), CBD brand Savage CBD (www.SavageCBD.com), e-liquid brand Vape 100 (www.vape100.co) **Delta Extrax and Savage CBD** are organizations under the umbrella of Savage Enterprises. **Jon Dougherty** holds himself out as the President of Savage Enterprises on social media platforms such as LinkedIn. The Corporate Officers are also shown as **Matthew Montesano**, Chief Financial Officer; **Matthew Winters**, Chief Executive Officer; and **Brittney Hawkins**, Director. These persons are

3

hereinafter referred to the Savage Defendants.  All of the Savage Defendants were placed on notice they were engaging in illegal transactions by selling the Products at issue, yet they continued to sell the Products. Savage Enterprises shows a registered agent of service as Incorp Services Inc. 4250 N Venetian Ln, Fayetteville, AR 72703-5077. The corporate officers are listed as Christopher Wheeler as shareholder and President, and Matt Winters as a president and shareholder.  Jon Dougherty is the president of Delta Effex, and Savage CBD and advertises himself as such on social media platforms such as LinkedIn. The corporate officers are also shown as; Michael Buley, secretary; Matthew Montesano, Chief Financial Officer, Matthew Winters, Chief Executive Officer; Brittney Hawkins, Director.  Former employees who conspired to commit fraud are listed as Preston Wheeler, Ambyr Freestone, and Mia Jenson.  These persons are referred to the Savage Defendants hereinafter.

4.     **PharmLabs SD, LLC** is a laboratory organized under the laws of the State of California who falsely certified the Product contained a legal amount of D9 THC, whose members are sued as John Does 1-5.  The fraudulent COA issued by **PharmLabs SD**. The fraudulent COA issued by PharmLabs SD is attached as Exhibit _____.  These persons are referred to as the Lab Defendants.

5.     **Each** Defendant has established "minimum contacts" with Arkansas such that the assertion of jurisdiction is fair and reasonable under constitutional standards. Here are some key factors:  Each Defendant has purposefully availed themselves of the privileges of conducting activities within Arkansas by doing business, entering into contracts, or deliberately interacting with residents of Arkansas.  Indeed, Savage has registered to do business in Arkansas.  If the defendant voluntarily took actions within the state that would subject them to its laws, it strengthens the case for jurisdiction.  Each Defendant's publication and distribution of D8 vape

4

pens within the State of Arkansas caused Plaintiff and the Class harm in the State of Arkansas, so that this Court has specific personal jurisdiction. Thus, there is direct connection between each Defendant's actions in the state and the legal dispute enhances the likelihood of jurisdiction. Relevant evidence and witnesses exist in Arkansas. Each Defendant's actions were foreseeable to impact the forum state, it may support jurisdiction. Unilateral actions by the plaintiff alone, such as purchasing a product or service from the defendant, may not be sufficient. Venue is proper in this County because each retail Defendant sells the product in this County and the actions giving rise to the claims occurred within this county.

### GENERAL ALLEGATIONS OF FACT

6.      Plaintiff purchased a D8 vape pen manufactured by Savage labeled Extrax, Audios Blend and Sweet Tooth vape, and tested by Pharmlabs SD from Vapor World.

7.      Plaintiff purchased a D8 vape pen manufactured by Savage labeled Extrax Rainbow Runtz Flower and tested by Pharmlabs SD from CBD World.

8.      Each Defendant manufactures, tests, distributes, markets, or sells D8 Vape pens like that depicted in Exhibit "A" in Saline County, Arkansas (The Product) warranted as compliant with the Hemp Farming Act of 2018, meaning that these products contain no more than hemp-derived .3% D9 THC by dry weight. This representation is false.

9.      Upon information and belief, one or more of the Savage Defendants and Distributors of Extrax all had received lab tests that indicated that their respective products contained synthetic THC or more than .3% D9 THC dry weight and was therefore a Schedule I controlled substance, marijuana. Instead of demanding that the product be compliant with federal law, these Defendants lab shopped, until each found a lab willing to issue a false COA, like the Lab Defendants in this case.

10.     The representations are misleading because they give consumers like the Plaintiff the impression the Product contains a legal amount and type of D9 ingredients, but the Product contains an illegal amount of D9, as well as synthetic D9 and D8. Savage Enterprises manufactures vape products like the products Plaintiff purchased and others and colludes with various laboratories such as Pharmlabs, LLC in California to produce fraudulent certificates of analysis (COA's) that show a D9 THC percentage below .3% D9 THC and typically show none detected (ND). However, these product COA's are false and the actual D9 THC is far above the allowable D9 THC limits as evidenced by the attached COA. See Exhibit "A." Further, Savage Enterprise products have been tested with various laboratories with similar results, in that they are substantially over the .3% D9 THC maximum.

11.     In 2023, Green purchased the D8 vape pens reflected in Exhibit "A" from Vape World manufactured by Savage and falsely certified by Pharmlabs SD as having a legal percentage of THC to address certain medical issues.

12.     Plaintiff has had the Product tested, and the test was positive for excessive D9 THC.

13.     Based in Irvine, California, Savage Enterprises was founded in 2014 by co-owners Christopher G. Wheeler and Matt Winters with the vision of bringing innovation to the counter-culture space. Savage alleges it has been committed to improving the community it serves by providing superior, consumer-centered and cost-effective products that are third-party lab tested with quality assurance, consistency, and traceability. Savage says its goal is to create the benchmark for quality and assurance in the industry. Under its Delta Extrax brand (www.DeltaExtrax.com), Savage Enterprises sells delta-10-THC cartridges, disposables and tinctures, delta-8-THC-infused shots, vape cartridges, concentrates, disposables, edibles, delta-8-

6

THC-infused hemp flower, pods, tinctures, THC-O, HHC, THC-V and THC-P products over the
internet for delivery in Arkansas and across the nation.  Each Defendant has done business in the
state of Arkansas and hundreds of thousands of dollars of product has been sold.

14.      Defendant Savage Enterprises manufactured the product Plaintiff purchased from
VaporWorld and CBD World in Saline County, Arkansas, after buying the product from a
Distributor, who is named as John Doe 6.

15.      Savage falsely stated on its website:

> Delta-8 THC is an isomer of CBD, is derived from hemp and CBD,
> and is a psychoactive cannabinoid that packs several benefits. The
> unique cannabinoid is different, chemically, from its close relative,
> Delta-9 THC. It only differs from a few atomic bonds. However, it
> occurs in small concentrations and is Hemp derived making it Hemp
> compliant because it contains less than 0.3% of Delta 9 THC as
> required under the 2018 Farm Bill.

16.      Acting at Savage's direction, the Lab Defendant produced a certificate that falsely
reflected that the product Plaintiff purchased contained legal amounts of D9 THC.

17.      Delta-8 is a cannabis compound that has become popular because of its similarity
to Delta-9 THC, the main compound in cannabis that gets one high, causing euphoria, happiness,
and sedation.

18.      Delta-8 is short for its scientific name, delta-8-tetrahydrocannabinol, or simply
just delta-8 THC. Some people just call it "D-8." Delta-8 THC can cause effects similar to regular
delta-9 THC, but they will be much less potent in the same amount.

19.      Delta 8 THC is a natural cannabis compound that occurs in both marijuana and
hemp. However, its presence is usually so little that one needs a massive amount of plant material
to procure any significant quantity of this compound.

20.      Delta-8, like Delta-9 (regular THC), binds to the body's endocannabinoid system,

which causes one to feel high. Chemically speaking, Delta-8 and Delta-9 are similar in that they both have a double bond in their structures. D8 and D9 THCs are chemically different in the placement of the double bond. Both cannabinoids have a chain of carbon atoms, but delta-8 has the double bond on the eighth carbon, whereas delta-9 has it on the ninth.

21.     Delta-8 binds to the endocannabinoid system in a slightly different manner because of the location of its double bond. This reason makes delta-8 much less potent than regular THC. So, in order to obtain D8 THC in sufficient concentrations to vape and achieve a "high," D9 THC is created in illegal amounts.

22.     The Hemp Farming Act of 2018 removed hemp (defined as cannabis with less than 0.3% THC) from Schedule I controlled substances and making it an ordinary agricultural commodity. Its provisions were incorporated in the 2018 United States farm bill that became law on December 20, 2018.

23.     Then, the interim final rule entitled "Implementation of the Agriculture Improvement Act of 2018" effective on August 21, 2020 (85 Fed. Reg. 51,639) made a product containing contains more than .3 D9 THC illegal.

24.     As used in this Complaint, an illegal D8 vape means a vape that contains more than .3 D9 hemp derived THC or synthetic THC.

25.     The Savage Defendants advertise its D8 vape pens do not contain more than 0.3% THC by dry weight. All Defendants know that if a product contains more it is considered marijuana and is not legal.

26.     On the issue of D9 THC, state and federal law is clear: it is a felony under the Controlled Substances Act of 1970 ("CSA") to sell a cannabis product that contains more than .3% D9 by dry weight.

8

27.     Of course, in recent years the United States Department of Justice has largely declined to bring prosecutions under the federal cannabis laws, prompting hundreds of millions of investment dollars and thousands of new customers to flow into the D8 commercial hemp industry.

28.     But the Justice Department's current policy of non-enforcement does not strike a single word from the U.S. Code or deprive private individuals of their judicially- enforceable rights under federal law. The Department of Justice can no more amend a federal statute than can the States, and cannabis remains just as illegal under federal law today as it was when Congress passed the Controlled Substances Act in 1970 (CSA herein).

29.     Dealing in cannabis than contains more than .3% D9 THC by dry weight or that contains synthetic D9 THC is illegal activity under state and federal law, and those who engage in a pattern of illegal  activity should disgorge the profit and all monies received from the illegal transaction.

30.     The sale of the Product with more than .3% D9 THC by dry weight is illegal because it is a schedule I drug and defined as marijuana.  Plaintiff purchased a Savage Industries D8 vape pen products who contained more than .3% D9 THC by dry weight.  Defendants falsely expressly or impliedly warranted these products contained less than .3% D9 THC by dry weight and therefore was not marijuana.  But it was marijuana.

31.     Reasonable consumers like Plaintiff must and do rely on a company to honestly identify and describe the components, attributes, and features of the Product, relative to itself and other comparable products or alternatives on packaging and through COA's.

32.     The value of the Product that plaintiff purchased was materially less than its value as represented by defendant because it was illegal.

33.     Plaintiff bought the Product because the Product was represented as legal. The

Product was sold over the counter, resulting in additional and illegal profits.

34.     Had Plaintiff known the truth, he would not have purchased the Product because it is illegal to buy and use these products.

35.     The hemp is cultivated, then its leaves are processed to create distillate. The distillate then contains D8 and D9 THC. However, the D9 in the distillate is not scrubbed by the distiller because it costs too much. Accordingly, all of Savage's D8 vape pens contain an illegal amount of D9 THC. Thus, the vape pens contain marijuana, a Schedule I controlled substance.

36.     The Savage Defendants are one of the largest vape pen sellers in the nation. They sell D8 vape pens both wholesale and retail.

37.     The Savage Products are sold at thousands of retail locations across the nation and over the internet.

38.     The Product is sold individually. But the Savage Defendants and Pur Iso use a uniform process to create the distillate used in D8 vape pens, but the D9 in the distillate is never scrubbed to make the product legal.

## CLASS ALLEGATIONS

39.     Defendant(s) maintains a database that identifies persons who purchase D8 products and the type of D8 products purchased from the corporate Defendants through credit card receipts and customer loyalty clubs. There are thousands of class members. Plaintiff seeks certification under Ark. R. Civ. P. 23(b)(2) and (b)(3) of the following class:

   a.  All persons who bought one or more D8 vape pen Products manufactured by Savage who have a receipt or are identified in either retail Defendant's purchaser database within the appropriate statute of limitations until the date of certification. Excluded from Class are any directors, officers, or employees of Defendants, Plaintiff's counsel,

members of their immediate families, and any director, officer, or employee of any entity in which Defendants have a controlling interest and legal representatives, heirs, successors, or assigns of any such persons.

b.  All persons who bought one or more D8 vape pen Products manufactured by Savage and sold or delivered the State of Arkansas who have a receipt or are identified in Savage's or other Arkansas retailer purchaser database within the appropriate statute of limitations until the date of certification. Excluded from Class are any directors, officers, or employees of Defendants, Plaintiff's counsel, members of their immediate families, and any director, officer, or employee of any entity in which Defendants have a controlling interest and legal representatives, heirs, successors, or assigns of any such persons.

40.  Common questions of law or fact predominate and include whether Defendants' representations were and are misleading in violation of Arkansas law and if the Plaintiff and the class members are entitled to damages or rescission.  In this case, the key issues include:

a.  Did the Products purchased by the Plaintiff and Class contain synthetic D9 THC?

b.  Did the Products purchased by the Plaintiff and Class contain more than .3% hemp derived D9 THC by dry weight?

c.  Was the Product a Controlled Substance?

41.  Plaintiff's claims and basis for relief are typical to other members because all engaged in an illegal transaction unknowingly and are entitled to rescind the transaction.

42.  Plaintiff is an adequate representative because Plaintiff's interests do not conflict with other members.  Plaintiff's counsel is competent to represent the Class since they have previously served as Lead Counsel in certified class actions on multiple occasions. No individual inquiry is

necessary since the focus is only on Defendant's practices, and the class is definable and ascertainable by Defendant's business records and receipts.

43.    Individual actions would risk inconsistent results and be both repetitive and impractical to justify, as the claims are modest relative to the scope of the harm.  Class action is superior because of the relatively small amount of money for each purchase.  Indeed, public policy does not encourage the sale of illegal drugs.

44.    Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

45.    Class members number in the thousands, and joinder would be impossible.

46.    As allowed by Rule 23(b)(2), Plaintiff seeks class-wide injunctive and equitable relief because Defendant's practices continue, despite notice, and certain equitable remedies are sought. Plaintiff seeks certification under Rule 23(b)(1), (2), and (3).

<u>**COUNT I § 16-124-103**</u>

47.    Plaintiff and the Class re-allege the foregoing as if fully set out herein.

48.    Plaintiff and the Class bought the Product within the five years preceding the filing of this lawsuit from the Retail Defendants in Saline County, Arkansas.

49.    For personal use, Plaintiff bought the Defendants warranted the product was legal.

50.    Plaintiff wanted to buy a legal D8 product, but, unbeknownst to him, he did not.

51.    Plaintiff never used the product because he had it tested first.

52.    Plaintiff did not want synthetic D9, but he believes that was what was received.

53.    Plaintiff did not expect that the "D8" would contain more than .3% D9 by dry weight, rendering the Product illegal under federal law.

54.    Plaintiff bought the Product at, or exceeding, the retail price.  But the contract was

illegal.

55.     Plaintiff and the Class relied on the representations identified here.

56.     Plaintiff and the Class would not have purchased the Product if he knew the representations were false and misleading.

57.     Plaintiff and the Class chose between Defendant's Product and other similar products which were represented similarly but which did not misrepresent their D9 content.

58.     The Product was worth less than what Plaintiff and the Class paid, and he would not have paid as much absent Defendant's false and misleading statements and omissions.

59.     Plaintiff intends to, seeks to, and will, purchase the Product again when each can do so with the assurance that Product's representations are legal.

60.     The Savage Defendants and the Retail Defendants, aided and abetted by the Lab Defendant, have violated ACA § 16-124-103 by engaging in unlawful, fraudulent, and unfair conduct.

61.     Plaintiff has reported this conduct to the Saline County prosecutor and has not used illegal drugs ever.

62.     Plaintiff has personally disclosed to narcotics enforcement authorities, all the information known to the individual drug user regarding his or her source of illegal drugs. Plaintiff and the Class has not knowingly used an illegal drug within the six (6) months before filing the action; and Plaintiff and the Class continues to remain free of the use of an illegal drug throughout the pendency of the action.

63.     Defendants engaged in unlawful conduct by violating the Arkansas Drug Dealer Liability Act, as alleged throughout and incorporated here.

64.     As alleged in detail above, Defendants' labeling is false and misleading. Their

labeling deceived Plaintiff and other reasonable consumers.

65.     Defendants' conduct caused substantial injury to Plaintiff and the Class because each entered into an illegal transaction. The harm to Plaintiff and the Class outweighs the public utility of Defendants' conduct (which is none). Inaccurately labeled and illegal D9 THC content has no public utility. This injury was not outweighed by any countervailing benefits to consumers or competition. Misleading labels only injure healthy competition and harm consumers.

66.     Plaintiff and the Class could not have reasonably avoided this injury. As alleged above, Defendants' misrepresentations and omissions were deceiving to reasonable consumers. Defendants' conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

67.     For all prongs, Plaintiff and the Class saw, read and reasonably relied on the Savage Defendants' misrepresentations and omissions when purchasing Defendants' Products.

68.     Defendants' misrepresentations were a determining factor in Plaintiff's purchase decisions.

69.     Plaintiff and the Class was injured as a direct and proximate result of Defendants' conduct because: (a) he would not have purchased Defendants' Products if he had known that the D9 THC content in the product was contained an illegal amount. As a result, Plaintiff was damaged in the amount of his purchase and has suffered severe mental and emotional distress.

## COUNT II BREACHES OF EXPRESS WARRANTY, IMPLIED WARRANTY OF MERCHANTABILITY

70.     The Product was manufactured, labeled, and sold by defendant and expressly and impliedly warranted to Plaintiff that the Product was a legal product that contained D8, understood as being comprised of a less than .3% hemp derived D9 THC by dry weight, instead of an illegal amount.  Defendants warranted that the product was in compliance with federal law, but it was

not. The product contained more than .3% hemp derived D9 THC by dry weight and synthetic D9 THC.

71.     But the Product contained more than .3% D9 by dry weight.

72.     Each Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

73.     This duty is based on Defendant's role in the market for this type of Product.

74.     Plaintiff provided, or will provide, notice to Defendant, its agents, representatives, retailers, and their employees.

75.     The Savage Defendants received notice and should have been aware of these issues due to complaints by regulators, lawyers, and consumers, to its main offices.

76.     The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable because they were not fit to pass in the trade as advertised.

77.     Plaintiff and the Class would not have purchased the Product, or used the product, if the true facts had been known. As a result, Plaintiff is entitled to a rescission and disgorgement.

**COUNT III FRAUD**

78.     Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it was a legal product that contained D8, understood as being comprised of a non-de minimis legal amount of hemp derived D9, instead of an illegal amount.

79.     Plaintiff and the Class reasonably and justifiably relied on these intentional misrepresentations and omissions, which served to induce and did induce, his purchase of the Product.

80.     Plaintiff and the Class would not have purchased the Product if the true facts had

been known, suffering damages.

81.     Plaintiff and the Class reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, their purchase of the Product.

82.     Plaintiff and the Class would not have purchased the Product or used the Product if the true facts had been known, suffering damages.

83.     The Savage Defendant's fraudulent intent is evinced by its knowledge that the Product was not consistent with its representations and its lab shopping.

### COUNT IV UNJUST ENRICHMENT/DISGORGEMENT

84.     Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and the Class, who seeks restitution and disgorgement of illegally obtained profits. If the new contract be fair and lawful, and the new consideration be valid and adequate, it will be enforced. If, however, it be unfair or fraudulent, or the new consideration so inadequate as to import fraud, imposition, or undue influence, it will be rescinded, and justice done to the parties. Dent v. Ferguson, 132 U.S. 50, 67, 10 S. Ct. 13, 19, 33 L. Ed. 242 (1889).  Therefore, Plaintiff pleads for disgorgement and rescission.

### JURY DEMAND

85.     Plaintiff(s) demands trial by jury.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff(s) pray for:

a.  Awarding compensatory damages, pursuant to any statutory claims and interest pursuant to the common law and other statutory claims not exceeding 5 million dollars;

16

b.      For an Order certifying the Class above;

c.      Awarding costs and expenses, including reasonable attorneys' fees for Plaintiffs'

attorneys and experts;

d.      For an Order summarily shutting down all the manufacture, importation, and

distributions of all D8 vape pens in the manner prescribed the Arkansas Drug Dealer Liability Act;

e.      An ex parte prejudgment attachment order from the Court against all assets of

defendants sufficient to satisfy a potential award;

f.      Attorneys' fees and costs; and,

g.      Other and further relief as the Court deems just and proper.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
1501 N. Pierce Street, Ste. 105
Little Rock, AR 72207
501/315-1910  Office
501/315-1916  Facsimile
Counsel for the Plaintiff

By:     */s/ Luther Oneal Sutter*
Luther Oneal Sutter, ARBN 95031
luthersutter.law@gmail.com

By:     */s/ Lucien R. Gillham*
Lucien R. Gillham, ARBN 99199
lucien.gillham@gmail.com

**VERIFICATION**

After being duly sworn, I swear the foregoing is true.

By: _____
     Tim Green, Plaintiff

**VERIFICATION**

COUNTY OF _Pulaski_ )
                     )ss.
STATE OF ARKANSAS    )

SUBSCRIBED AND SWORN TO BY Tim Green before me, a Notary Public, on this 28th day of _November_, 2023.

ELIZABETH ANN HODGES
Notary Public-Arkansas
Lonoke County
My Commission expires: 09-14-2031
Commission # 12716016

NOTARY PUBLIC

18

## SD230315-066 page 1 of 3

QA Testing

PharmLabs San Diego Certificate of Analysis

3421 Hancock St, Second Floor, San Diego, CA 92110 | License: C8-0000098-LIC
ISO/IEC 17025:2017 Accreditation: L17-427-1 Accreditation #1229

### Adios Blend 4.5g: Sweet Tooth

Sample: Adios Blend 4.5g: Sweet Tooth
Sample # SD230315-066
Manufacturer: CANX, RLS, MRFC, MTG, HME, FSH    Received: Mar 15, 2023    Client: Vannahjelli, Irvine CA, 92618    Reported: Mar 20, 2023    Client: Skraggs Enterprises    Unit Mass (g): 4.5

### CANX - Cannabinoids Analysis

Analyzed Mar 20, 2023 | Instrument HLPC
Measurement Uncertainty at 95% confidence? 8%

| Analyte | LOD mg/g | LOQ mg/g | Result % | Result mg/g | Result mg/Unit |
|---|---|---|---|---|---|
| 11-Hydroxy-Δ9-Tetrahydrocannabivarin (11-Hyd-Δ9-THCV) | 0.03 | 0.041 | ND | ND | ND |
| Cannabidivarin (CBDV) | 0.002 | 0.007 | ND | ND | ND |
| Abnormal Cannabidiorcin (m-CNBD) | 0.01 | 0.033 | ND | ND | ND |
| (+/-)-9B-hydroxy-hexahydrocannabinol (9b-HHC) | 0.012 | 0.05+ | ND | ND | ND |
| 11-Hydroxy-Δ8-Tetrahydrocannabinol (11-Hyd-Δ8-THC) | 0.007 | 0.021 | ND | ND | ND |
| Cannabidiolic Acid (CBDA) | 0.001 | 0.16 | ND | ND | ND |
| Cannabigerol Acid (CBGA) | 0.001 | 0.16 | ND | ND | ND |
| Cannabigerol (CBG) | 0.001 | 0.16 | ND | ND | ND |
| Cannabinol (CBD) | 0.060 | 0.16 | ND | ND | ND |
| 1(R)-THD (α-THD) | 0.013 | 0.041 | ND | ND | ND |
| 1(R)-THD (β-THD) | 0.025 | 0.075 | ND | ND | ND |
| Tetrahydrocannabivarin (THCV) | 0.001 | 0.16 | ND | ND | ND |
| Δ8-tetrahydrocannabivarin (Δ8-THCV) | 0.031 | 0.094 | ND | ND | ND |
| Cannabidiol (CBDH) | 0.005 | 0.16 | ND | ND | ND |
| Tetrahydrocannabutol (Δ9-THCB) | 0.013 | 0.050 | ND | ND | ND |
| Cannabinol (CBN) | 0.001 | 0.16 | 1.19 | 11.92 | 53.62 |
| Cannabidiphorol (CBDP) | 0.015 | 0.047 | ND | ND | ND |
| exo-THC (exo-THC) | 0.005 | 0.16 | ND | ND | ND |
| Tetrahydrocannabinol (Δ9-THC) | 0.063 | 0.16 | LL | LL | LL |
| Δ8-Tetrahydrocannabinol (Δ8-THC) | 0.004 | 0.16 | 78.41 | 784.10 | 3528.45 |
| (6aR,9S)-Δ10-Tetrahydrocannabinol ((6aR,9S)-Δ10) | 0.05 | 0.16 | ND | ND | ND |
| Hexahydrocannabinol (S isomer) (9s-HHC) | 0.017 | 0.16 | ND | ND | ND |
| (6aR,9R)-Δ10-Tetrahydrocannabinol ((6aR,9R)-Δ10) | 0.007 | 0.16 | ND | ND | ND |
| Hexahydrocannabinol (R isomer) (9r-HHC) | 0.016 | 0.16 | ND | ND | ND |
| Tetrahydrocannabinolic Acid (THCA) | 0.001 | 0.16 | 1.52 | 15.19 | 96.36 |
| Δ9-Tetrahydrocannabinol (Δ9-THCH) | 0.024 | 0.071 | ND | ND | ND |
| Cannabinol Acetate (CBNO) | 0.014 | 0.043 | ND | ND | ND |
| Δ9-Tetrahydrocannabinolacetate (Δ9-THCP) | 0.027 | 0.16 | ND | ND | ND |
| Δ8-Tetrahydrocannabiphorol (Δ8-THCP) | 0.041 | 0.16 | 0.36 | 3.59 | 16.14 |
| Cannabicitran (CBT) | 0.005 | 0.16 | ND | ND | ND |
| Δ6-THC-O-acetate (Δ8-THCO) | 0.076 | 0.16 | ND | ND | ND |
| 9(S)-HHCP (s-HHCP) | 0.031 | 0.094 | ND | ND | ND |
| Δ9-THC-O-acetate (Δ9-THCO) | 0.063 | 0.16 | ND | ND | ND |
| 9(P)-HHCP (r-HHCP) | 0.026 | 0.079 | ND | ND | ND |
| 9(S)-HHC-O acetate (s-HHCO) | 0.025 | 0.16 | ND | ND | ND |
| 3-octyl-Δ8-Tetrahydrocannabinol (Δ8-THC-C8) | 0.062 | 0.204 | ND | ND | ND |
| Δ9-THC methyl ether (Δ9-MeO-THC) | | | ND | ND | ND |
| Total THC (THCa * 0.877 + Δ9THC) | | | 1.16 | 11.57 | 52.06 |
| Total THC + Δ8THC + Δ10THC ( THCa * 0.877 + Δ9THC + Δ8THC + Δ10THC) | | | 79.57 | 795.67 | 3580.51 |
| Total CBD ( CBDa * 0.877 + CBD) | | | ND | ND | ND |
| Total CBG ( CBGa * 0.877 + CBG) | | | ND | ND | ND |
| Total HHC ( R-HHC + S-HHC) | | | ND | ND | ND |
| Total Cannabinoids | | | 81.32 | 813.18 | 3550.29 |

### HME - Heavy Metals Detection Analysis

Analyzed Mar 20, 2023 | Instrument ICP/MS/MS | Method SOP-005

| Analyte | LOD ug/g | LOQ ug/g | Result ug/g | Limit ug/g | Analyte | LOD ug/g | LOQ ug/g | Result ug/g | Limit ug/g |
|---|---|---|---|---|---|---|---|---|---|
| Arsenic (As) | 0.0002 | 0.0005 | ND | 0.2 | Cadmium (Cd) | 1.0e-05 | 0.0005 | ND | 0.2 |
| Mercury (Hg) | 1.0e-05 | 0.0001 | ND | 0.1 | Lead (Pb) | 1.0e-05 | 0.00025 | 0.02 | 0.5 |

LL Limit Exceeded
ND Not Detected
NCA Not Applicable
NT Not Reported
LOD Limit of Detection
LOQ Limit of Quantification
LOD Detected
HLOL Above reported limit of linearity
CFU/g Colony Forming Units per 1 gram
TNTC Too numerous to count



  



Authorized Signature

Brandon Stark

Brandon Stark, Lab Manager
Mon, 20 Mar 2023 13:10:54 -0700



EXHIBIT
4

SD230315-066 page 2 of 3 <span style="float:right">QA Testing</span>

## MIBIG - Microbial Testing Analysis

Analyzed Mar 17, 2023 | Instrument qPCR and/or Plating | Method SOP-007

| Analyte | Result CFU/g | Limit | Analyte | Result CFU/g | Limit |
|---------|---------|-------|---------|---------|-------|
| Shiga Toxin-producing Escherichia Coli | — | ND per 1 gram | Salmonella spp. | — | ND per 1 gram |
| Aspergillus fumigatus | — | ND per 1 gram | Aspergillus flavus | ND | ND per 1 gram |
| Aspergillus spp. | N/A | N/A per 1 gram | Aspergillus nidulans | N | ND per 1 gram |

## MTO - Mycotoxin Testing Analysis

Analyzed Nov 22, 2023 | Instrument LC/MSMS | Method SOP-004

| Analyte | LOD ug/kg | LOQ ug/kg | Result ug/kg (ppb) | Limit ug/kg | Analyte | LOD ug/kg | LOQ ug/kg | Result ug/kg (ppb) | Limit ug/kg |
|---------|-----------|-----------|--------------------|-------------|---------|-----------|-----------|--------------------|-------------|
| Ochratoxin A | 5.0 | 20.0 | ND | 20 | Aflatoxin B1 | 2.5 | 5.0 | ND | |
| Aflatoxin B2 | 2.5 | 5.0 | ND | | Aflatoxin G1 | 2.5 | 5.0 | ND | |
| Aflatoxin G2 | 2.5 | 5.0 | ND | | Total Aflatoxins | 10.0 | 20.0 | ND | 20 |

UI Not Identified
ND Not Detected
N/A Not Applicable
NT Not Reported
LOD Limit of Detection
LOQ Limit of Quantification
<LOQ Detected
>ULOL Above upper limit of linearity
CFU/g Colony Forming Units per 1 gram
TNTC Too Numerous to Count

   

Authorized Signature

*Brandon Stark*

Brandon Stark, Lab Manager
Mon, 20 Nov 2023 13:43:34 -0800



PharmLabs San Diego | 3421 Hancock St, Second Floor, San Diego, CA 92110 | 619.356.0896 | ISO/IEC 17025:2017 Certification L17-427-1

Scan the QR code to verify authenticity

## SD230315-066 page 3 of 3

**QA Testing**

### PES - Pesticides Screening Analysis

Analyzed Mar 20, 2023 | Instrument LC/MSMS GC/MSMS | Method SOP-005

| Analyte | LOQ ug/g | LOQ ug/g | Result ug/g | Limit ug/g | Analyte | LOD ug/g | LOQ ug/g | Result ug/g | Limit ug/g |
|---|---|---|---|---|---|---|---|---|---|
| Aldicarb | 0.005 | 0.09 | ND | 0.0025 | Carbofuran | 0.01 | 0.09 | nd | 0.01 |
| Dimethoate | 0.01 | 0.02 | ND | 0.01 | Fludioxonil | 0.02 | 0.1 | nd | 0.02 |
| Fenoxycarb | 0.01 | 0.02 | ND | 0.10 | Imazalil | 0.01 | 0.02 | nd | 0.03 |
| Formetanate | 0.01 | 0.03 | ND | 0.01 | Fenhexamid | 0.02 | 0.07 | ND | 0.02 |
| Imazalil | 0.01 | 0.04 | ND | 0.02 | Methiocarb | 0.01 | 0.03 | ND | 0.01 |
| Spiromesifen | 0.01 | 0.02 | ND | 0.04 | Flonicamid | 0.01 | 0.02 | ND | 0.01 |
| Fipronil | 0.01 | 0.1 | ND | 0.01 | Prochloraz/of | 0.01 | 0.03 | ND | 0.01 |
| Chlorpyrifos | 0.01 | 0.04 | ND | 0.01 | Imazaphos (Phosphos) | 0.01 | 0.02 | ND | 0.01 |
| Boscalid (Phenaxur) | 0.01 | 0.02 | ND | 0.01 | Chlordane | 0.04 | 0.1 | ND | 0.04 |
| Chlorfenapyr | 0.02 | 0.1 | ND | 0.01 | Methyl Parathion | 0.02 | 0.1 | ND | 0.02 |
| Naxifysfen | 0.01 | 0.09 | ND | 0.02 | Abamectin | 0.02 | 0.08 | ND | 0.1 |
| Acephate | 0.02 | 0.03 | ND | 0.1 | Acetamiprid | 0.01 | 0.05 | ND | 0.01 |
| Azoxystrobin | 0.01 | 0.02 | ND | 0.01 | Bifenazate | 0.01 | 0.05 | ND | 0.1 |
| Bifenthrin | 0.02 | 0.05 | ND | 1 | Buxacolla | 0.08 | 0.03 | ND | 0.1 |
| Carbaryl | 0.01 | 0.02 | ND | 0.1 | Chlorantraniliprole | 0.01 | 0.04 | ND | 10 |
| Clofentezine | 0.04 | 0.03 | ND | 0.1 | Diazinon | 0.01 | 0.02 | ND | 0.1 |
| Dimethomorph | 0.03 | 0.04 | ND | 2 | Etoxazole | 0.01 | 0.04 | ND | 0.1 |
| Fenpyroximate | 0.09 | 0.1 | ND | 0.1 | Flonicamid | 0.01 | 0.02 | ND | 0.01 |
| Fludioxonil | 0.01 | 0.05 | ND | 0.1 | Hexythiazox | 0.01 | 0.03 | ND | 0.1 |
| Imidacloprid | 0.01 | 0.05 | ND | 5 | Kresoxim-methyl | 0.01 | 0.03 | ND | 0.1 |
| Malathion | 0.01 | 0.05 | ND | 0.5 | Metalaxyl | 0.01 | 0.02 | ND | 2 |
| Methomyl | 0.02 | 0.05 | ND | 1 | Myclobutanil | 0.02 | 0.07 | ND | 0.1 |
| Naled | 0.01 | 0.02 | ND | 0.1 | Oxamyl | 0.01 | 0.02 | ND | 0.5 |
| Permethrin | 0.01 | 0.02 | ND | 0.5 | Phosmet | 0.01 | 0.02 | ND | 0.1 |
| Piperonyl butoxide | 0.02 | 0.06 | ND | 3 | Propiconazole | 0.01 | 0.04 | ND | 0.1 |
| Pyrethrins | 0.02 | 0.05 | ND | 0.1 | Pyrethrins | 0.05 | 0.1 | ND | 0.5 |
| Pyridaben | 0.02 | 0.07 | ND | 0.1 | Spinosad A | 0.01 | 0.05 | ND | 0.1 |
| Spinosad D | 0.01 | 0.05 | ND | 0.1 | Spiromesifen | 0.02 | 0.06 | ND | 0.1 |
| Spirotetramat | 0.01 | 0.02 | ND | 0.1 | Tebuconazole | 0.01 | 0.02 | ND | 0.1 |
| Thiamethoxam | 0.01 | 0.02 | ND | 5 | Trifloxystrobin | 0.01 | 0.02 | ND | 0.1 |
| Azoxystrobin | 0.02 | 0.09 | ND | 0.1 | Captan | 0.01 | 0.02 | ND | 0.7 |
| Cypermethrin | 0.02 | 0.1 | ND | 1 | Cyfluthrin | 0.04 | 0.1 | ND | 2 |
| Fenhexamid | 0.02 | 0.12 | ND | 0.1 | Spinetoram-2t | 0.02 | 0.07 | ND | 0.1 |
| Pentachloronitrobenzene | 0.01 | 0.1 | ND | 0.1 | | | | | |

### RES - Residual Solvents Testing Analysis

Analyzed Mar 20, 2023 | Instrument GC/FID with Headspace Analyzer | Method SOP-006

| Analyte | LOD ug/g | LOQ ug/g | Result ug/g | Limit ug/g | Analyte | LOD ug/g | LOQ ug/g | Result ug/g | Limit ug/g |
|---|---|---|---|---|---|---|---|---|---|
| Propane (Prop) | 0.4 | 40.0 | ND | 5000.0 | Butane (But) | 0.4 | 40.0 | ND | 5000.0 |
| Methanol (Metho) | 0.4 | 40.0 | ND | 3000.0 | Ethylene Oxide (EthOx) | 0.4 | 0.8 | ND | 1.0 |
| Pentane (Pen) | 0.4 | 40.0 | ND | 5000.0 | Ethanol (EthoH) | 0.4 | 40.0 | <LOL | 5000.0 |
| Ethyl Ether (EtHD) | 0.4 | 40.0 | ND | 5000.0 | Acetone (Acet) | 0.4 | 40.0 | <LOQ | 5000.0 |
| Isopropanol (2-Pro) | 0.4 | 40.0 | ND | 5000.0 | Acetonitrile (Acetonit) | 0.4 | 40.0 | ND | 410.0 |
| Methylene Chloride (MetCh) | 0.4 | 0.8 | <LOQ | 1.0 | Hexane (Hex) | 0.4 | 40.0 | ND | 290.0 |
| Ethyl Acetate (EthAc) | 0.4 | 40.0 | ND | 5000.0 | Chloroform (Clo) | 0.4 | 0.8 | ND | 1.0 |
| Benzene (Ben) | 0.4 | 0.8 | ND | 1.0 | 1-2-Dichloroethane (12-Dich) | 0.4 | 0.8 | ND | 1.0 |
| Heptane (Hep) | 0.4 | 40.0 | 91.4 | 5000.0 | Trichloroethylene (TriClEth) | 0.4 | 0.8 | ND | 1.0 |
| Toluene (Toluene) | 0.4 | 40.0 | ND | 890.0 | Xylenes (Xyl) | 0.4 | 40.0 | ND | 2170.0 |

### FVI - Filth & Foreign Material Inspection Analysis

Analyzed Mar 15, 2023 | Instrument Microscope | Method SOP-010

| Analyte / Limit | Result | Analyte / Limit | Result |
|---|---|---|---|
| > 1/4 of the total sample area covered by sand, soil, cinders, or dirt | ND | > 1/4 of the total sample area covered by mold | ND |
| > 1 insect fragment, 1 hair, or 1 count mammalian excreta per 3g | ND | > 1/4 of the total sample area covered by an imbedded foreign material | ND |

DI Not Identified
ND Not Detected
n/A Not Applicable
NT Not Reported
LOD Limit of Detection
LOQ Limit of Quantification
<LOQ Detected
>LLOL Above upper limit of linearity
CFU/g Colony Forming Units per 1 gram
TNTC Too Numerous To Count

   

Authorized Signature

*Brandon Stark*

Brandon Stark, Lab Manager
Mar, 76, Mar 2023 13:4:24 -0700



**Pharm/Ware**
CANNABIS LABORATORY LIMS & ELN

PharmLabs San Diego | 3421 Hancock St, Second Floor, San Diego, CA 92110 | 619.356.0018 | ISO/IEC 17025:2017 Certification L17-427-1

Scan the QR code to verify authenticity.

SD220813-010 page 1 of 4                                                                    QA Testing

**PharmLabs San Diego Certificate of Analysis**

3421 Hancock St, Second Floor, San Diego, CA 92110 | License: C8-0000098-LIC
ISO/IEC 17025:2017 Certification L17-427-1 | Accreditation #85368

 SDPharmLabs

### Extrax Rainbow Runtz

| | | |
|---|---|---|
| Sample ID  SD220813-010 (51011) | Matrix  Flower (Inhalable Cannabis Good) | |
| Tested for  Top Shelf Hemp Co | | |
| Sampled  - | Received  Aug 12, 2022 | Reported  Aug 22, 2022 |
| Analyses executed  FP-IO | | Unit Mass (g)  3.5 |

Laboratory note: the estimated concentration of the unknown peak in the sample is 11.51%. Currently PharmLabs laboratory can not confirm an unidentified peak in prior chromatogram due to interference (only with eluting concentration for products) time which we believe to be either (+)Δ9-THC or Δ9-THC. At this time there are no reference standards available for (+)Δ9-THC. (+)Δ8-THC is a different compound from the minor (-)Δ8-THC cannabinoid and, therefore, these two compounds may have different efficacies. Using the most advanced instruments and techniques available, the separation of (+)Δ8-THC and Δ9-THC is problematic for the scientific community as a whole. PharmLabs believes the unidentified peak to be a combination of (+)Δ9-THC and Δ9-THC with the majority if not all, of the concentration being (+)Δ9-THC. Total cannabinoids is estimating to be 18.8%.

## *CAN+ - Cannabinoids Analysis

Analyzed Aug 22, 2022 | Instrument HPLC-VWD | Method SOP-001
Measurement Uncertainty at 95% confidence 7.806%

| Analyte | LOD mg/g | LOQ mg/g | Result % | Result mg/g | Result mg/Package |
|---|---|---|---|---|---|
| Cannabidivarin (CBDV) | 0.039 | 0.16 | ND | ND | ND |
| Cannabidiolic Acid (CBDA) | 0.001 | 0.16 | 11.05 | 110.49 | 386.72 |
| Cannabigerol Acid (CBGA) | 0.001 | 0.16 | 0.58 | 5.81 | 20.34 |
| Cannabigerol (CBG) | 0.001 | 0.16 | 0.13 | 1.26 | 4.39 |
| Cannabidiol (CBD) | 0.001 | 0.16 | 1.80 | 17.97 | 62.90 |
| Tetrahydrocannabivarin (THCV) | 0.001 | 0.16 | ND | ND | ND |
| Cannabinol (CBN) | 0.001 | 0.16 | <LOQ | <LOQ | <LOQ |
| Tetrahydrocannabinol (Δ9-THC) | 0.003 | 0.16 | UI | UI | UI |
| Δ8-tetrahydrocannabinol (Δ8-THC) | 0.004 | 0.16 | 5.91 | 59.12 | 206.93 |
| Cannabicyclol (CBL) | 0.002 | 0.16 | ND | ND | ND |
| Cannabichromene (CBC) | 0.002 | 0.16 | ND | ND | ND |
| Tetrahydrocannabinolic Acid (THCA) | 0.001 | 0.16 | 0.31 | 3.09 | 10.83 |
| **Total THC** (THCa * 0.877 + THC) | | | 0.27 | 2.71 | 9.50 |
| **Total CBD** (CBDa * 0.877 + CBD) | | | 11.49 | 114.87 | 402.05 |
| **Total CBG** (CBGa * 0.877 + CBG) | | | 0.64 | 6.35 | 22.23 |
| **TOTAL CANNABINOIDS** | | | 18.31 | 183.06 | 640.71 |
| | | | | | *Dry Weight % |

## Sample photography



## HME - Heavy Metals Detection Analysis

Analyzed Aug 22, 2022 | Instrument ICP/MSMS | Method SOP-005

| Analyte | LOD ug/g | LOQ ug/g | Result ug/g | Limit ug/g | Analyte | LOD ug/g | LOQ ug/g | Result ug/g | Limit ug/g |
|---|---|---|---|---|---|---|---|---|---|
| Arsenic (As) | 0.0002 | 0.05 | 0.13 | 0.2 | Cadmium (Cd) | 3.0e-05 | 0.05 | 0.16 | 0.2 |
| Mercury (Hg) | 1.0e-05 | 0.01 | 0.05 | 0.1 | Lead (Pb) | 1.0e-05 | 0.125 | 0.27 | 0.5 |

UI Not Identified
ND Not Detected
N/A Not Applicable
NT Not Reported
LOD Limit of Detection
LOQ Limit of Quantification
<LOQ Detected
>ULOL Above upper limit of linearity
CFU/g Colony Forming Units per 1 gram
TNTC Too Numerous to Count

  

Authorized Signature

*Brandon Starr*

Brandon Starr, Lab Manager
Mon, 22 Aug 2022 17:12:29 -0700


CANNABIS LABORATORY LIMS & ELN

PharmLabs San Diego | 3421 Hancock St, Second Floor, San Diego, CA 92110 | 619.356.0898 | ISO/IEC 17025:2017 Certification L17-427-1

*This report shall not be reproduced except in full, without the written approval of the lab. This report is for informational purposes only and should not be used to diagnose, treat or prevent any disease. Results are only for samples and batches indicated. Results are reported on an "as received" basis, unless indicated otherwise. When a Pass/Fail status is reported, that status is intended to be in accordance with federal, state and local laws which are required for the customer to be in compliance. The measurement of uncertainty is not included in the Pass/Fail evaluation unless explicitly required by federal, state and local laws and has been reported on the certificate of analysis. Measurement of uncertainty is available upon request.

## SD220813-010 page 2 of 4

## MIBIG - Microbial Testing Analysis

Analyzed Aug 17, 2022 | Instrument qPCR and/or Plating | Method SOP-007

| Analyte | Result CFU/g | Limit | Analyte | Result CFU/g | Limit |
|---|---|---|---|---|---|
| Shiga toxin-producing Escherichia Coli | ND | ND per 1 gram | Salmonella spp | ND | ND per 1 gram |
| Aspergillus fumigatus | ND | ND per 1 gram | Aspergillus flavus | ND | ND per 1 gram |
| Aspergillus niger | ND | ND per 1 gram | Aspergillus terreus | ND | ND per 1 gram |

## MTO - Mycotoxin Testing Analysis

Analyzed Aug 16, 2022 | Instrument LC/MSMS | Method SOP-004

| Analyte | LOD ug/kg | LOQ ug/kg | Result ug/kg (ppb) | Limit ug/kg | Analyte | LOD ug/kg | LOQ ug/kg | Result ug/kg (ppb) | Limit ug/kg |
|---|---|---|---|---|---|---|---|---|---|
| Ochratoxin A | 5.0 | 20.0 | ND | 20 | Aflatoxin B1 | 2.5 | 5.0 | ND | |
| Aflatoxin B2 | 2.5 | 5.0 | ND | | Aflatoxin G1 | 2.5 | 5.0 | ND | |
| Aflatoxin G2 | 2.5 | 5.0 | ND | | Total Aflatoxins | 10.0 | 20.0 | ND | 20 |

UI Not Identified
ND Not Detected
N/A Not Applicable
NT Not Reported
LOD Limit of Detection
LOQ Limit of Quantification
<LOQ Detected
>ULOL Above upper limit of linearity
CFU/g Colony Forming Units per 1 gram
TNTC Too Numerous to Count





PJLA
Testing
#85368

Authorized Signature

Brandon Starr

Brandon Starr, Lab Manager
Mon, 22 Aug 2022 17:12:29 -0700



PharmLabs San Diego | 3421 Hancock St, Second Floor, San Diego, CA 92110 | 619.356.0898 | ISO/IEC 17025:2017 Certification L17-427-1

"This report shall not be reproduced except in full, without the written approval of the lab. This report is for informational purposes only and should not be used to diagnose, treat or prevent any disease. Results are only for samples and batches indicated. Results are reported on an "as received" basis, unless indicated otherwise. When a Pass/Fail status is reported, that status is intended to be in accordance with federal, state and local laws which are required for the customer to be in compliance. The measurement of uncertainty is not included in the Pass/Fail evaluation unless explicitly required by federal, state or local laws and has been reported on the certificate of analysis. Measurement of uncertainty is available upon request.

SD220813-010 page 3 of 4

QA Testing

## PES - Pesticides Screening Analysis

Analyzed Aug 15, 2022 | Instrument LC/MSMS GC/MSMS | Method SOP-003

| Analyte | LOD ug/g | LOQ ug/g | Result ug/g | Limit ug/g | Analyte | LOD ug/g | LOQ ug/g | Result ug/g | Limit ug/g |
|---|---|---|---|---|---|---|---|---|---|
| Aldicarb | 0.0078 | 0.02 | NÒ | 0.0075 | Carbofuran | 0.01 | 0.02 | ND | 0.01 |
| Dimethoate | 0.01 | 0.02 | ND | 0.01 | Etofenprox | 0.02 | 0.1 | ND | 0.02 |
| Fenoxycarb | 0.01 | 0.02 | ND | 0.01 | Thiacloprid | 0.01 | 0.02 | ND | 0.01 |
| Daminozide | 0.01 | 0.03 | ND | 0.01 | Dichlorvos | 0.02 | 0.07 | ND | 0.02 |
| Imazalil | 0.02 | 0.07 | ND | 0.02 | Methiocarb | 0.01 | 0.02 | ND | 0.01 |
| Spiroxamine | 0.01 | 0.02 | ND | 0.01 | Coumaphos | 0.01 | 0.02 | ND | 0.01 |
| Fipronil | 0.01 | 0.1 | ND | 0.01 | Paclobutrazol | 0.01 | 0.03 | ND | 0.01 |
| Chlorpyrifos | 0.01 | 0.04 | ND | 0.01 | Ethoprophos (Prophos) | 0.01 | 0.02 | ND | 0.01 |
| Baygon (Propoxur) | 0.01 | 0.02 | ND | 0.01 | Chlordane | 0.04 | 0.1 | ND | 0.04 |
| Chlorfenapyr | 0.03 | 0.1 | ND | 0.03 | Methyl Parathion | 0.02 | 0.1 | ND | 0.02 |
| Mevinphos | 0.03 | 0.08 | ND | 0.03 | Abamectin | 0.03 | 0.08 | ND | 0.1 |
| Acephate | 0.02 | 0.05 | ND | 0.1 | Acetamiprid | 0.01 | 0.05 | ND | 0.1 |
| Azoxystrobin | 0.01 | 0.02 | ND | 0.1 | Bifenazate | 0.01 | 0.05 | ND | 0.1 |
| Bifenthrin | 0.02 | 0.35 | ND | 3 | Boscalid | 0.01 | 0.03 | ND | 0.1 |
| Carbaryl | 0.01 | 0.02 | ND | 0.5 | Chlorantraniliprole | 0.01 | 0.04 | ND | 10 |
| Clofentezine | 0.01 | 0.03 | ND | 0.1 | Diazinon | 0.01 | 0.02 | ND | 0.1 |
| Dimethomorph | 0.02 | 0.06 | ND | 2 | Etoxazole | 0.01 | 0.05 | ND | 0.1 |
| Fenpyroximate | 0.02 | 0.1 | ND | 0.1 | Flonicamid | 0.01 | 0.02 | ND | 0.1 |
| Fludioxonil | 0.01 | 0.05 | ND | 0.1 | Hexythiazox | 0.01 | 0.03 | ND | 0.1 |
| Imidacloprid | 0.01 | 0.05 | ND | 5 | Kresoxim-methyl | 0.01 | 0.03 | ND | 0.1 |
| Malathion | 0.01 | 0.05 | ND | 0.5 | Metalaxyl | 0.01 | 0.02 | ND | 2 |
| Methomyl | 0.02 | 0.05 | ND | 1 | Myclobutanil | 0.02 | 0.07 | ND | 0.1 |
| Naled | 0.01 | 0.02 | ND | 0.1 | Oxamyl | 0.01 | 0.02 | ND | 0.5 |
| Permethrin | 0.01 | 0.02 | ND | 0.5 | Phosmet | 0.01 | 0.02 | ND | 0.1 |
| Piperonyl Butoxide | 0.02 | 0.06 | ND | 3 | Propiconazole | 0.03 | 0.08 | ND | 0.1 |
| Prallethrin | 0.02 | 0.05 | ND | 0.1 | Pyrethrin | 0.05 | 0.41 | ND | 0.5 |
| Pyridaben | 0.02 | 0.07 | ND | 0.1 | Spinosad A | 0.01 | 0.05 | ND | 0.1 |
| Spinosad D | 0.01 | 0.05 | ND | 0.1 | Spiromesifen | 0.02 | 0.06 | ND | 0.1 |
| Spirotetramat | 0.01 | 0.02 | ND | 0.1 | Tebuconazole | 0.01 | 0.02 | ND | 0.1 |
| Thiamethoxam | 0.01 | 0.02 | ND | 5 | Trifloxystrobin | 0.01 | 0.02 | ND | 0.1 |
| Acequinocyl | 0.02 | 0.09 | ND | 0.1 | Captan | 0.01 | 0.02 | ND | 0.7 |
| Cypermethrin | 0.02 | 0.1 | ND | 1 | Cyfluthrin | 0.04 | 0.1 | ND | 2 |
| Fenhexamid | 0.02 | 0.07 | ND | 0.1 | Spinetoram J,L | 0.02 | 0.07 | ND | 0.1 |
| Pentachloronitrobenzene | 0.01 | 0.1 | ND | 0.1 | | | | | |

UI Not Identified
ND Not Detected
N/A Not Applicable
NT Not Reported
LOD Limit of Detection
LOQ Limit of Quantification
<LOQ Detected
>ULOL Above upper limit of linearity
CFU/g Colony Forming Units per 1 gram
TNTC Too Numerous to Count





F.I.L.A Testing
#85368

Authorized Signature

*Brandon Starr*

Brandon Starr, Lab Manager
Mon, 22 Aug 2022 17:32:29 -0700



PharmWare
CANNABIS LABORATORY LIMS & ELN

PharmLabs San Diego | 3421 Hancock St, Second Floor, San Diego, CA 92110 | 619.356.0898 | ISO/IEC 17025:2017 Certification L17-427-1

*This report shall not be reproduced except in full, without the written approval of the lab. This report is for informational purposes only and should not be used to diagnose, treat or prevent any disease. Results are only for samples and batches itemized. Results are reported on an "as received" basis, unless indicated otherwise. When a Pass/Fail status is reported, that status is intended to be in accordance with federal, state and local laws which are required for the customer to be in compliance. The measurement of uncertainty is not included in the Pass/Fail evaluation unless explicitly required by federal, state or local laws and has been reported on the certificate of analysis. Measurement of uncertainty is available upon request.

SD220813-010 page 4 of 4                                                                QA Testing

## RES - Residual Solvents Testing Analysis

Analyzed Aug 16, 2022 | Instrument GC/FID with Headspace Analyzer | Method SOP-006

| Analyte | LOD ug/g | LOQ ug/g | Result ug/g | Limit ug/g | Analyte | LOD ug/g | LOQ ug/g | Result ug/g | Limit ug/g |
|---|---|---|---|---|---|---|---|---|---|
| Propane (Prop) | 0.4 | 40.0 | ND | 5000 | Butane (But) | 0.4 | 40.0 | ND | 5000 |
| Methanol (Metha) | 0.4 | 40.0 | 558.7 | 3000 | Ethylene Oxide (EthOx) | 0.4 | 0.8 | ND | 1 |
| Pentane (Pen) | 0.4 | 40.0 | ND | 5000 | Ethanol (Ethan) | 0.4 | 40.0 | 110.0 | 5000 |
| Ethyl Ether (EthEt) | 0.4 | 40.0 | ND | 5000 | Acetone (Acet) | 0.4 | 40.0 | 106.6 | 5000 |
| Isopropanol (2-Pro) | 0.4 | 40.0 | ND | 5000 | Acetonitrile (Acetonit) | 0.4 | 40.0 | ND | 410 |
| Methylene Chloride (MetCh) | 0.4 | 0.8 | ND | 1 | Hexane (Hex) | 0.4 | 40.0 | ND | 290 |
| Ethyl Acetate (EthAc) | 0.4 | 40.0 | ND | 5000 | Chloroform (Clo) | 0.4 | 0.8 | ND | 1 |
| Benzene (Ben) | 0.4 | 0.8 | ND | 1 | 1-2-Dichloroethane (12-Dich) | 0.4 | 0.8 | ND | 1 |
| Heptane (Hep) | 0.4 | 40.0 | ND | 5000 | Trichloroethylene (TriClEth) | 0.4 | 0.8 | ND | 1 |
| Toluene (Toluene) | 0.4 | 40.0 | ND | 890 | Xylenes (Xyl) | 0.4 | 40.0 | ND | 2170 |

## FVI - Filth & Foreign Material Inspection Analysis

Analyzed Aug 15, 2022 | Instrument Microscope | Method SOP-010

| Analyte / Limit | Result | Analyte / Limit | Result |
|---|---|---|---|
| > 1/4 of the total sample area covered by sand, soil, cinders, or dirt | ND | > 1/4 of the total sample area covered by mold | ND |
| > 1 insect fragment, 1 hair, or 1 count mammalian excreta per 3g | ND | > 1/4 of the total sample area covered by an imbedded foreign material | ND |

## MWA - Moisture Content & Water Activity Analysis

Analyzed Aug 15, 2022 | Instrument Chilled-mirror Dewpoint and Capacitance | Method SOP-008

| Analyte | Result | Limit | Analyte | Result | Limit |
|---|---|---|---|---|---|
| Moisture (Moi) | 7.1 % Mw | 13 % Mw | Water Activity (WA) | 0.50 $a_w$ | 0.85 $a_w$ |

UI Not Identified
ND Not Detected
N/A Not Applicable
NT Not Reported
LOD Limit of Detection
LOQ Limit of Quantification
<LOQ Detected
>ULOL Above upper limit of linearity
CFU/g Colony Forming Units per 1 gram
TNTC Too Numerous to Count





PJLA Testing #85368

Authorized Signature

*Brandon Starr*

Brandon Starr, Lab Manager
Mon, 22 Aug 2022 17:12:29 -0700



PharmLabs San Diego | 3421 Hancock St, Second Floor, San Diego, CA 92110 | 619.356.0898 | ISO/IEC 17025:2017 Certification L17-427-1

*This report shall not be reproduced except in full, without the written approval of the lab. This report is for informational purposes only and should not be used to diagnose, treat or prevent any disease. Results are only for samples and batches indicated. Results are reported on an "as received" basis, unless indicated otherwise. When a Pass/Fail status is reported, that status is intended to be in accordance with federal, state and local laws which are required for the customer to be in compliance. The measurement of uncertainty is not included in the Pass/Fail evaluation unless explicitly required by federal, state or local laws and has been reported on the certificate of analysis. Measurement of uncertainty is available upon request.

## SD230406-085 page 1 of 3

QA Testing

PharmLabs San Diego Certificate of Analysis

3421 Hancock St, Second Floor, San Diego, CA 92110 | License: C8-0000098-LIC

 SDPharmLabs

Looper Melted PR Girl Scout Cookies

Received  Apr 06, 2023

Total Mass (g): 3.5

Reported  Apr 14, 2023

Unit of Servings: 7

Serving Size (g): 0.5

### CANX - Cannabinoids Analysis

Analyzed Apr 14, 2023 | Instrument HPLC-VWD | Method

The expanded Uncertainty of the Cannabinoid Analysis is approximately 8.40% at the 95% Confidence Level

| Analyte | LOD mg/g | LOQ mg/g | Result % | Result mg/g | Result mg/Serving | Result mg/Unit |
|---|---|---|---|---|---|---|
| THCV-acid (THCVA) | 0.013 | 0.041 | ND | ND | ND | ND |
| Cannabidivarin (CBDV) | 0.002 | 0.007 | ND | ND | ND | ND |
| Δ9-THCV | 0.01 | 0.03 | ND | ND | ND | ND |
| (-/-)-9R-hydroxy-Hexahydrocannabinol (9b-HHC) | 0.013 | 0.034 | ND | ND | ND | ND |
| THCV-acid (THCVA) | 0.007 | 0.021 | ND | ND | ND | ND |
| Cannabidiolic Acid (CBDA) | 0.001 | 0.03 | 3.79 | 37.91 | 18.96 | 132.69 |
| Cannabigerolic Acid (CBGA) | 0.001 | 0.16 | 0.10 | 1.04 | 0.52 | 3.64 |
| Cannabigerol (CBG) | 0.001 | 0.03 | | | | |
| Cannabidiol (CBD) | 0.001 | 0.16 | 0.68 | 6.80 | 3.40 | 23.80 |
| (6S)-THC (6-THC) | 0.013 | 0.041 | ND | ND | ND | ND |
| (9R)-THC (7-THC) | 0.025 | 0.04 | ND | ND | ND | ND |
| Tetrahydrocannabivarin (THCV) | 0.001 | 0.15 | ND | ND | ND | ND |
| Δ8-tetrahydrocannabivarin (Δ8-THCV) | 0.01 | 0.064 | ND | ND | ND | ND |
| Cannabihexol (CBDH) | 0.005 | 0.16 | ND | ND | ND | ND |
| Tetrahydrocannabinol (Δ9-THCB) | 0.013 | 0.039 | ND | ND | ND | ND |
| Cannabinol (CBN) | 0.001 | 0.16 | ND | ND | ND | ND |
| Cannabinolic acid (CBEP) | 0.015 | 0.047 | ND | ND | ND | ND |
| exo-THC (exo-THC) | 0.005 | 0.16 | ND | ND | ND | ND |
| Tetrahydrocannabinol (Δ9-THC) | 0.003 | 0.03 | 0.07 | 0.66 | 0.33 | 2.30 |
| Δ8-tetrahydrocannabinol (Δ8-THC) | 0.004 | 0.16 | 0.06 | 0.57 | 0.28 | 1.99 |
| (6aR,9S)-Δ10-Tetrahydrocannabinol ((6aR,9S)-Δ10) | 0.015 | 0.15 | ND | ND | ND | ND |
| Hexahydrocannabinol (S isomer) (9s-HHC) | 0.017 | 0.04 | 12.46 | 124.63 | 62.51 | 436.19 |
| (6aR,9R)-Δ10-Tetrahydrocannabinol ((6aR,9R)-Δ10) | 0.007 | 0.16 | ND | ND | ND | ND |
| Hexahydrocannabinol (R isomer) (9r-HHC) | 0.016 | 0.16 | 29.89 | 298.90 | 149.40 | 1045.81 |
| Tetrahydrocannabinolic Acid (THCA) | 0.001 | 0.15 | 1.41 | 14.10 | 7.05 | 49.56 |
| Δ9-Tetrahydrocannabinol (Δ9-THCH) | 0.034 | 0.097 | ND | ND | ND | ND |
| Cannabidiol Acetate (CBDO) | 0.014 | 0.043 | ND | ND | ND | ND |
| Δ9-Tetrahydrocannabiphorol (Δ9-THCP) | 0.017 | 0.16 | 0.18 | 1.79 | 0.90 | 6.26 |
| Δ8-Tetrahydrocannabiphorol (Δ8-THCP) | 0.041 | 0.04 | ND | ND | ND | ND |
| Cannabichromene (CBC) | 0.005 | 0.16 | ND | ND | ND | ND |
| Δ8-THC-O-acetate (Δ8-THCO) | 0.026 | 0.16 | ND | ND | ND | ND |
| 9(S)-HHCP (s-HHCP) | 0.031 | 0.094 | ND | ND | ND | ND |
| Δ9-THC-O-acetate (Δ9-THCO) | 0.066 | 0.16 | ND | ND | ND | ND |
| 9(R)-HHCP (r-HHCP) | 0.026 | 0.079 | ND | ND | ND | ND |
| 9(S)-HHC-O-acetate (s-HHCO) | 0.005 | 0.16 | ND | ND | ND | ND |
| 3-octyl-Δ9-Tetrahydrocannabinol (Δ8-THC-C8) | 0.067 | 0.201 | ND | ND | ND | ND |
| Δ9-THC methyl ether (Δ9-MeO-THC) | | | ND | ND | ND | ND |
| Total THC ( THCV * 0.877 + THCV ) | | | 1.32 | 13.02 | 6.51 | 45.56 |
| Total THC + ΔBTHC + Δ10THC ( THCv * 0.877 + Δ9THC + ΔBTHC + Δ10THC ) | | | 1.36 | 13.59 | 6.80 | 47.57 |
| Total CBD ( CBDA * 0.877 + CBD ) | | | 4.00 | 40.05 | 20.02 | 140.17 |
| Total CBG ( CBGA * 0.877 + CBG ) | | | 0.09 | 0.91 | 0.46 | 3.19 |
| Total HHC ( s-HHC + R-HHC ) | | | 42.34 | 423.43 | 211.72 | 1482.01 |
| Total Cannabinoids | | | 47.96 | 479.76 | 239.89 | 1679.27 |

*Dry Weight %

### HME - Heavy Metals Detection Analysis

Analyzed Apr 13, 2023 | Instrument ICP/MSMS | Method SOP-005

| Analyte | LOD ug/g | LOQ ug/g | Result ug/g | Limit ug/g | Analyte | LOD ug/g | LOQ ug/g | Result ug/g | Limit ug/g |
|---|---|---|---|---|---|---|---|---|---|
| Arsenic (As) | 0.0002 | 0.0005 | 0.04 | 0.2 | Cadmium (Cd) | 5.0e-05 | 0.0005 | 0.04 | 0.2 |
| Mercury (Hg) | 1.0e-05 | 0.0001 | ND | 0.1 | Lead (Pb) | 1.0e-05 | 0.00125 | 0.06 | 0.5 |

ND Not Detected
N/A Not Applicable
NT Not Reported
LOD Limit of Detection
LOQ Limit of Quantitation

   

Authorized Signature

Brandon Starr


CANNABIS LABORATORY LIMS & ELN



SD230406-085 page 2 of 3                                                    QA Testing

## MIBIG - Microbial Testing Analysis

Analyzed Apr 10, 2023 | Instrument qPCR and/or Plating | Method SOP-007

| Analyte | Result CFU/g | Limit | Analyte | Result CFU/g | Limit |
|---|---|---|---|---|---|
| Shiga toxin producing Escherichia Coli | | Count 1 gram | Salmonella spp | | Not per 1 gram |
| Aspergillus fumigatus | Negative | Not per 1 gram | Aspergillus niger | Negative | Not per 1 gram |
| Aspergillus niger | Negative | Not per 1 gram | Aspergillus flavus | Negative | Not per 1 gram |

## MTO - Mycotoxin Testing Analysis

Analyzed Apr 13, 2023 | Instrument LC/MSMS | Method SOP-004

| Analyte | LOD ug/kg | LOQ ug/kg | Result ug/kg (ppb) | Limit ug/kg | Analyte | LOD ug/kg | LOQ ug/kg | Result ug/kg (ppb) | Limit ug/kg |
|---|---|---|---|---|---|---|---|---|---|
| Ochratoxin A | 5.0 | 10.0 | ND | 20 | Aflatoxin B1 | 2.5 | 5.0 | ND | |
| Aflatoxin B2 | 2.5 | 5.0 | ND | | Aflatoxin G1 | 2.5 | 5.0 | ND | |
| Aflatoxin G2 | 2.5 | 5.0 | ND | - | Total Aflatoxins | 10.0 | 20.0 | ND | 20 |

U: Not Identified
ND: Not Detected
N/A: Not Applicable
NT: Not Reported
LOD: Limit of Detection
LOQ: Limit of Quantification
<LOQ: Detected
>ULOR: Above upper limit of linearity
CFU/g: Colony Forming Units per 1 gram
TNTC: Too Numerous to Count

  

Authorized Signature

Brandon Starr

Brandon Starr, Lab Manager
Fri, 14 Apr 2023 13:44:00 -07:00



PharmLabs San Diego | 3421 Hancock St, Second Floor, San Diego, CA 92110 | 619.356.0496 | ISO/IEC 17025-2017 Certification L17-427-1

SD230406-085 page 3 of 3

QA Testing

## PES - Pesticides Screening Analysis

Analyzed Apr 13, 2023 | Instrument LC/MSMS GC/MSMS | Method SOP-002

| Analyte | LOD ug/g | LOQ ug/g | Result ug/g | Limit ug/g | Analyte | LOD ug/g | LOQ ug/g | Result ug/g | Limit ug/g |
|---|---|---|---|---|---|---|---|---|---|
| Abamere | 0.0075 | 0.02 | ND | 0.0018 | Carbofuran | 0.01 | 0.02 | ND | 0.01 |
| Chlordane | 0.01 | 0.02 | ND | 0.01 | Fenhexamid | 0.02 | 0.1 | ND | 0.02 |
| Fenoxycarb | 0.01 | 0.02 | ND | 0.01 | Thiacloprid | 0.01 | 0.02 | ND | 0.01 |
| Dimethoate | 0.01 | 0.01 | ND | 0.01 | Diafenaxin | 0.01 | 0.02 | ND | 0.02 |
| Imidacl | 0.02 | 0.05 | ND | 0.02 | Methiocarb | 0.01 | 0.02 | ND | 0.01 |
| Spiroximine | 0.01 | 0.02 | ND | 0.01 | Coumaphos | 0.01 | 0.02 | ND | 0.01 |
| Haruvil | 0.01 | 0.1 | ND | 0.01 | Prohexpymol | 0.01 | 0.02 | ND | 0.01 |
| Chlorpyrifos | 0.01 | 0.04 | ND | 0.05 | Ethoprophos (Phoshate) | 0.01 | 0.02 | ND | 0.04 |
| Oxygen (Propaxur) | 0.01 | 0.02 | ND | 0.01 | Chlordane | 0.04 | 0.1 | ND | 0.04 |
| Chlorfenapyr | 0.03 | 0.1 | ND | 0.03 | Methyl Parathion | 0.02 | 0.1 | ND | 0.02 |
| Novaghnol | 0.05 | 0.08 | ND | 0.03 | Abamectin | 0.05 | 0.08 | ND | 0.1 |
| Acephate | 0.02 | 0.05 | ND | 0.1 | Acetamiprid | 0.01 | 0.05 | ND | 0.1 |
| Abamgtrofen | 0.01 | 0.02 | ND | 0.3 | Bifenazate | 0.01 | 0.05 | ND | 0.1 |
| Bifenthrin | 0.02 | 0.35 | ND | 1 | Benazol i | 0.01 | 0.05 | ND | 0.1 |
| Carbaryl | 0.01 | 0.02 | ND | 0.5 | Chlorantraniliprole | 0.01 | 0.04 | ND | 10 |
| Clofentezine | 0.01 | 0.03 | ND | 0.1 | Diazinon | 0.01 | 0.02 | ND | 0.1 |
| Dimethomorph | 0.03 | 0.06 | ND | 2 | Etoxazole | 0.01 | 0.05 | ND | 0.1 |
| Fenpyroximate | 0.02 | 0.1 | ND | 0.1 | Fluoxamid | 0.01 | 0.02 | ND | 0.1 |
| Fluxbandi | 0.01 | 0.05 | ND | 0.1 | Hexythiazox | 0.01 | 0.03 | ND | 0.1 |
| Imidacloprid | 0.01 | 0.05 | ND | 5 | Preamerin methyl | 0.01 | 0.03 | ND | 0.1 |
| Halofops | 0.01 | 0.05 | ND | 0.5 | Metalaxyl | 0.01 | 0.02 | ND | 2 |
| Methomyl | 0.02 | 0.05 | ND | 1 | Myclobutanil | 0.02 | 0.07 | ND | 0.1 |
| Naled | 0.01 | 0.02 | ND | 0.1 | Oxamyl | 0.01 | 0.02 | ND | 0.5 |
| Permethrin | 0.03 | 0.02 | ND | 0.5 | Phosmet | 0.01 | 0.05 | ND | 0.1 |
| Piperonyl Butoxide | 0.02 | 0.06 | ND | 3 | Propiconazole | 0.01 | 0.08 | ND | 0.1 |
| Prallethrin | 0.03 | 0.05 | ND | 0.1 | Pyrethrin | 0.05 | 0.41 | ND | 0.5 |
| Pyridaben | 0.02 | 0.07 | ND | 0.1 | Spinosad A | 0.01 | 0.05 | ND | 0.1 |
| Spinosad D | 0.01 | 0.05 | ND | 0.1 | Spiromesifen | 0.02 | 0.04 | ND | 0.1 |
| Spirotetramat | 0.03 | 0.02 | ND | 0.1 | Tebuconazole | 0.01 | 0.02 | ND | 0.1 |
| Thiamethoxam | 0.01 | 0.02 | ND | 5 | Trifloxystrobin | 0.01 | 0.02 | ND | 0.1 |
| Azoxymecyl | 0.02 | 0.09 | ND | 0.1 | Captan | 0.01 | 0.02 | ND | 0.7 |
| Cypermethrin | 0.02 | 0.1 | ND | 1 | Cyfluthrin | 0.04 | 0.3 | ND | 2 |
| Fenhexamid | 0.02 | 0.07 | ND | 0.1 | Spinetoram JL | 0.02 | 0.07 | ND | 0.1 |
| Pentachloronitrobenzene | 0.01 | 0.1 | ND | 0.1 | | | | | |

## FVI - Filth & Foreign Material Inspection Analysis

Analyzed Apr 07, 2023 | Instrument Microscope | Method SOP-016

| Analyte / Limit | Result | Analyte / Limit | Result |
|---|---|---|---|
| > 1/4 of the total sample area covered by sand, soil, cinders, or dirt | ND | > 1/4 of the total sample area covered by mold | ND |
| > 1 insect fragment, 1 hair, or 1 count mammalian excreta per 3g | ND | > 1/4 of the total sample area covered by an imbedded foreign material | ND |

## MWA - Moisture Content & Water Activity Analysis

Analyzed Apr 06, 2023 | Instrument Chilled-mirror Dewpoint and Capacitance | Method SOP-008

| Analyte | Result | Limit | Analyte | Result | Limit |
|---|---|---|---|---|---|
| Moisture (Mo) | 6.8 % Mw | 13 % Mw | Water Activity (WA) | 0.45 $a_w$ | 0.85 $a_w$ |

U= Not Identified
ND Not Detected
N/A Not Applicable
NT Not Reported
LOD Limit of Detection
LOQ Limit of Quantification
<LOQ Detected
>ULOL Above Upper Peak of Linearity
<TU/g Colony Forming Units per 1 gram
TNTC Too Numerous to Count






Authorized Signature

Brandon Stark

Brandon Stark, Lab Manager
Fri 14 Apr 2023 13:44:03 -0700


PharmWare
CANNABIS LABORATORY LIMS & ELN

PharmLabs San Diego | 5421 Hancock St, Second Floor, San Diego, CA 92110 | 619 356.0808 | ISO/IEC 17025:2017 Certification L17-427-1

# Marin Analytics

# Analysis Report

**NHS**
Scottsdale, AZ.

### Sample 254-032221-019
D8D-210317-B1
Sample Submitted: 03-22-2021; Report Date: 03-22-2021

## D8D-210317-B1
Distillate

### Chromatogram



### Cannabinoid Profile



| | Delta-8-THC | THC |
|---|---|---|
| | 93.2 | 0.0 |

### Cannabinoid Profile by HPLC

**0.00%**
Calculated THC Yield

**0.00%**
Calculated CBD Yield

**93.20%**
Total Cannabinoids

| Cannabinoid | % wt | mg/g |
|---|---|---|
| Delta-8-THC | 93.2 | 932.0 |
| THC | 0.0 | 0.0 |
| **Total Cannabinoids** | **93.20** | **932.0** |
| **Calculated THC Yield** | **0.00** | **0.00** |
| **Calculated CBD Yield** | **0.00** | **0.00** |
| Calculated Maximum THC Yield = THC + 0.877 * THCA | | |
| Calculated Maximum CBD Yield = CBD + 0.877 * CBDA | | |

**Marin Analytics, LLC**
250 Bel Marin Keys Blvd, Suite D4
Novato, CA 94949

415-936-6477 / Support@MarinAnalytics.com

*Sara Biancala*
**Sara Biancalana**
Chief Scientist

This sample has been tested by Marin Analytics, LLC using valid testing methodologies and a quality system. Values reported relate only to the sample tested. Marin Analytics, LLC makes no claims as to the efficacy, safety or other risks associated with any detected or non-detected levels of any compounds reported herein. This Certificate shall not be reproduced except in full, without the written approval of Marin Analytics, LLC.



**SJ Labs & Analytics**

152 Spring St Suite B
Macon, GA 31201
License #: PHRS001078

Page 1 of 2

# Certificate of Analysis

**Reported:** November 29, 2023

**Overall Status**

| | | | |
|---|---|---|---|
| **Product Name:** | Sweet Tooth vape | **Matrix:** | Vape |
| **Sample Size:** | 1 unit | **Received:** | 11/28/2023 |
| **Sample ID:** | SAM-112623-5360 | | |



**Distributor or Microbusiness:**

| | |
|---|---|
| **Name:** | Sutter & Gillham |
| **Premises Address:** | 1501 N Pierce Street, #105, Little Rock, AR 72207 |
| **License No.:** | |

## Potency

**Date of Analysis:**   **Method:** HPLC Cannabinoid and HPLC Impurity

| Moisture % | Total THC: | | Total CBD: | | Total CBG: % 0.45 | | Total Cannabinoids: | |
|---|---|---|---|---|---|---|---|---|
| | % | mg/g | % | mg/g | | | % | mg/g |
| ND | 4.681 | 46.814 | ND | ND | | mg/g 4.458 | 69.94 | 699.398 |

| | | | |
|---|---|---|---|
| CBD | 0.05 | ND | ND |
| CBDV | 0.05 | ND | ND |
| CBDA | 0.05 | ND | ND |
| CBC | 0.05 | 0.07 | 0.71 |
| CBCA | 0.05 | ND | ND |
| CBG | 0.05 | 0.45 | 4.46 |
| CBGA | 0.05 | ND | ND |
| CBN | 0.05 | 0.54 | 5.44 |
| Δ9-THC | 0.05 | 4.68 | 46.81 |
| Δ8-THC | 0.05 | 64.20 | 641.97 |
| THCA | 0.05 | ND | ND |
| THCV | 0.05 | ND | ND |
| THCp | 0.05 | ND | ND |
| Δ10s-THC | 0.05 | ND | ND |
| Δ10r-THC | 0.05 | ND | ND |
| CBNA | 0.05 | ND | ND |
| Exo-THC | 0.05 | 1.29 | 12.91 |
| HHC-s | 0.05 | ND | ND |
| HHC-r | 0.05 | ND | ND |
| THC-O | 0.05 | ND | ND |



Sarah Johnson
Scientific Director

This report is for quality assurance only. Values reported relate only to sample tested. Sample was tested as received from client. SJ Labs and Analytics, LLC makes no claims of safety
or risk associated with detected or non detected level for any compounds reported herein. Overall Pass/Fail status is determined with upper limits listed by each analyte, except Potency,
for which the decision rule for passing is if the Total THC < 0.330d. Level of Uncertainty will be provided upon request. ISO/IEC 17025:2017 Accredited via PJLA. Assays and Analytes
included in the accreditation can be found at https://sjlabsandanalytics.com/about-us/. This certificate shall not be reproduced except in full, without written consent from SJ Labs and
Analytics, LLC



## Labs & Analytics

152 Spring St Suite B
Macon, GA 31201
License #: PHRS001078

# Certificate of Analysis

**Reported:** November 29, 2023

**Overall Status**

| | | | |
|---|---|---|---|
| **Product Name:** | Rainbow Runtz flower | **Matrix:** | Plant Material |
| **Sample Size:** | 1 | **Received:** | 11/28/2023 |
| **Sample ID:** | SAM-112623-5362 | | |

**Distributor or Microbusiness:**

| | |
|---|---|
| **Name:** | Sutter & Gillham |
| **Premises Address:** | 1501 N Pierce Street, #105, Little Rock, AR 72207 |
| **License No.:** | |



## Potency

**Date of Analysis:**         **Method:** HPLC Cannabinoid and HPLC Impurity

| Moisture % | Total THC: % | Total THC: mg/g | Total CBD: % | Total CBD: mg/g | Total CBG: % | Total CBG: mg/g | Total Cannabinoids: % | Total Cannabinoids: mg/g |
|---|---|---|---|---|---|---|---|---|
| 2.49 | 0.872 | 8.719 | 8.80 | 87.971 | 0.61 | 6.090 | 19.95 | 199.505 |

| | | | |
|---|---|---|---|
| CBD | 0.05 | 3.31 | 33.09 |
| CBDV | 0.05 | ND | ND |
| CBDA | 0.05 | 6.26 | 62.58 |
| CBC | 0.05 | 0.15 | 1.54 |
| CBCA | 0.05 | 0.26 | 2.60 |
| CBG | 0.05 | 0.28 | 2.79 |
| CBGA | 0.05 | 0.38 | 3.76 |
| CBN | 0.05 | 0.23 | 2.29 |
| Δ9-THC | 0.05 | 0.76 | 7.56 |
| Δ8-THC | 0.05 | 9.06 | 90.62 |
| THCA | 0.05 | 0.13 | 1.32 |
| THCV | 0.05 | ND | ND |
| THCp | 0.05 | ND | ND |
| Δ10s-THC | 0.05 | ND | ND |
| Δ10r-THC | 0.05 | ND | ND |
| CBNA | 0.05 | ND | ND |
| Exo-THC | 0.05 | 0.35 | 3.51 |
| HHC-s | 0.05 | ND | ND |
| HHC-r | 0.05 | ND | ND |
| THC-O | 0.05 | ND | ND |



Sarah Johnson
Scientific Director



This report is for quality assurance only. Values reported relate only to sample tested. Sample was tested as received from client. SJ Labs and Analytics, LLC makes no claims of safety
or risk associated with detected or non detected level for any compounds reported herein. Overall Pass/Fail status is determined with upper limits listed by each analyte, except Potency,
for which the decision rule for passing is if the Total THC < 0.3304. Level of Uncertainty will be provided upon request. ISO/IEC 17025:2017 Accredited via PJLA. Assays and Analytes
included in the accreditation can be found at https://sjlabsandanalytics.com/about-us/. This certificate shall not be reproduced except in full, without written consent from SJ Labs and
Analytics, LLC.

ELECTRONICALLY FILED
Saline County Circuit Court
Myka Bono Sample, Circuit Clerk
2025-Aug-13  17:48:47
63CV-25-1508
C22D03 : 4 Pages

## *UNIFORM COVER PAGE*
[To be used when required by Administrative Order No. 2 (g)★]

COURT:    ___CIVIL___ COURT OF ___*SALINE*____ COUNTY

Docket/Case Number:    ___*63CV-23-1508*_____

CASE NAME:
PLAINTIFF/
PETITIONER:    _____*TIM GREEN, ET AL* _____

DEFENDANT/
RESPONDENT:    ___*SAVAGE ENTERPRISES, LLC* ____

TITLE OF PLEADING OR
DOCUMENT BEING FILED
(If a multi-part file,
the designation "part _ of _"
(example, part 1 of 2)):    _____*ROS SAVAGE ENTERPRISES*_____

★Administrative Order No 2.

    (g) *File Mark.* (1) There shall be a two inch (2") top margin on the first page of each document submitted for filing to accommodate the court's file mark. If the pleading or document must be filed in multi-parts because of size or for other reasons, the first page of each part must include the file name and file mark and shall clearly indicate the part number and number of parts (example, part 1 of 2).

    (2) If a document is such that the first page cannot be drafted to provide sufficient space to satisfy the file-mark requirement, the document must include the uniform cover page developed by the Administrative Office of the Courts and found under Forms and Publications at www.arcourts.gov.

## THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
### CIVIL DIVISION

**TIM GREEN, on behalf of himself and
all others similarly situated**                                      **PLAINTIFF**

vs.                          CASE NO. 63CV-23 _- 1508- 3_

**SAVAGE ENTERPRISES, LLC,** *et al*                          **DEFENDANTS**

### *SUMMONS*

*THE STATE OF ARKANSAS TO DEFENDANT:*

**SAVAGE ENTERPRISES % Registered Agent INCORP SERVICES, INC. 4037 US
HWY. 231, SUITE A, WETUMPKA, AL 36093.**

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.
Within 30 days after service of this summons on you (not counting the day you received
it) —or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility
in Arkansas—you must file with the clerk of this court a written answer to the complaint or
a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name
and address are: *Luther Sutter, Lucien Gillham, and Caleb Baumgardner, all of SUTTER &
GILLHAM, P.L.L.C., 1501 N. Pierce, Ste. 105, Little Rock, AR 72207.*

If you fail to respond within the applicable time period, judgment by default may be entered
against you for the relief demanded in the complaint.

*ADDITIONAL NOTICES INCLUDED:* Summons, Complaint w/ Exhibits, and Notice
of Consent if and when issued by the Circuit Court Clerk's Office.

CLERK OF COURT

*Myka Bono Sample*

Address of Clerk's Office:
Saline County Circuit Clerk
200 N. Main Street, Suite 113
Benton, AR 72015

by: _____
[Signature of Clerk or Deputy Clerk]
_07. 16. 25_

[SEAL]

## PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☑ On 8/7/25 _____ [date] I delivered the summons and complaint to Clay Henderson [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of Savage Enterprises [name of defendant]; or

☐ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

My fee is $ _____.

*To be completed if service is by a sheriff or deputy sheriff:*

Date: _____    SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
    [signature of server]

_____
    [printed name, title, and badge number]

*To be completed if service is by a person other than a sheriff or deputy sheriff:*

Date: 5/7/25

By: _____
    [signature of server]

Dillon Folwer
    [printed name]

Address: _____ 1777 Taliaferro Trail
                    Montgomery, AL 36117
                    office@lig-al.com
                    334-567-3463
    Phone: _____

Subscribed and sworn to before me this date: _____

    Notary Public _____

My Commission Expires: _____

Additional information regarding service or attempted service:

_____
_____
_____
_____